IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOEL WILLIAM PITTS, : | |
| : | |
| Plaintiff, : | NO. 4:13-CV-141-CDL-MSH |
| : | |
| VS. : | 42 U.S.C. § 1983 |
| : | |
| DR. OLAKUNLE AINA, *et al.*, : | |
| : | |
| Defendants : | **ORDER & RECOMMENDATION** |

Plaintiff JOEL WILLIAM PITTS, a prisoner at Autry State Prison ("ASP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of ASP

## I.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the

2

plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.   BACKGROUND

Plaintiff raises a claim for deliberate indifference to serious medical needs at Rutledge State Prison ("RSP"), where he was previously confined. On July 1, 2011, Plaintiff fell and injured his hip. No one from "medical" saw Plaintiff until the following day, when Defendant Nurse Cooper examined Plaintiff and concluded his hip was not broken. Plaintiff questioned this conclusion, but Cooper maintained her opinion. On July 5th, Defendant Warden Anthony Washington saw Plaintiff during inspection. Warden Washington inquired why Plaintiff did not stand for attention and Plaintiff stated that he could not stand and needed to see a doctor. Plaintiff complains that Warden Washington was unconcerned about his injury and ordered that Plaintiff receive a shave. Plaintiff nevertheless saw Defendants Dr. Olakunle Aina and Jane Doe "D.O.N. Nurse" that same day. The Doe nurse stated that Plaintiff's hip was not broken but Dr. Aina ordered x-rays. Plaintiff was sent to Columbus Medical Center and received the x-rays on July 7th. The x-rays indicated that Plaintiff's hip was in fact broken and he was admitted to the hospital. Plaintiff received surgery and was sent back to RSP with crutches. Dr. Aina allegedly "took" Plaintiff's crutches, which caused Plaintiff's "hip to shift, requiring a second surgery and the total loss of [his] hip."

## III.   DISCUSSION

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton

infliction of pain'. . . proscribed by the Eighth Amendment." To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate: "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Every claim by a prisoner that he has not received adequate medical treatment, however, does not state a violation of the Eighth Amendment. *McElligott*, 182 F.3d at 1254. As a result, decisions by prison medical staff relating to the exercise of professional judgment, even though they may constitute medical malpractice, do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 107; *see also Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).

### A. Warden Anthony Washington

Even liberally construed in Plaintiff's favor, his allegations do not state a colorable deliberate indifference claim against Warden Washington. As the Eleventh Circuit Court of Appeals held in *Sealey v. Pastrana*, 399 F. App'x 548, 551-52 (11th Cir. 2010), a prison warden is generally not liable for constitutionally defective medical care, unless the warden is responsible for the deprivation in a supervisory capacity. A warden or other supervisor may be held liable for the unconstitutional acts of subordinates only if (1) he personally participates in the constitutional violation, or (2) a causal connection exists between his conduct and the constitutional violation. *Mann*, 588 F.3d at 1308. Not only does Plaintiff fail to allege that Warden Washington had a

supervisory or other role in the denial of Plaintiff's medical care, Plaintiff saw Dr. Aina the same day that Warden Washington learned about Plaintiff's hip. That Warden Washington may not have been overly sympathetic to Plaintiff does not rise to the level of a constitutional violation. Washington thus was not responsible for any constitutionally defective medical care allegedly received by Plaintiff. Accordingly, it is **RECOMMENDED** that Warden Washington be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B. *Nurse Cooper and Jane Doe "D.O.N. Nurse"*

The Defendant nurses misdiagnosed Plaintiff's broken hip but their actions at most constituted negligence. In contrast to deliberate indifference, mere negligence is a state law claim generally not cognizable in federal court.1 *See Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006) ("The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment."). Accordingly, it is **RECOMMENDED** that Nurse Cooper and the Jane Doe "D.O.N. Nurse" be **DISMISSED** as defendants herein

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### C. *Dr. Olakunle Aina*

Most of Plaintiff's allegations against Dr. Aina indicate that Dr. Aina provided Plaintiff

---

1 Plaintiff has filed a lawsuit against the Defendants in Muscogee County Superior Court (ECF No. 1-2).

with medical treatment and therefore generally suggests that Dr. Aina was not deliberately indifferent to Plaintiff's medical needs. Liberally construed, however, Plaintiff's allegation that Dr. Aina "took" Plaintiff's crutches and caused "the loss" of his hip may state a colorable claim. The Court therefore will allow this action to go forward against Dr. Aina.

It is hereby **ORDERED** that service be made on Defendant Dr. Aina and that he file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a

showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby

directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 30th day of May, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE